MEGHAN BLANCO (238171)
LAW OFFICES OF MEGHAN BLANCO
    28202 Cabot Road, Suite 300
    Laguna Niguel, California 92677
    Telephone: (949) 296-9869
    Facsimile: (949) 606-8988
    E-mail:   mblanco@meghanblanco.com

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN ALEXIS PATRON,<br><br>    Defendant. | No. CR 21-CR-1683-WQH<br><br>SUPPLEMENTAL AUTHORITIES IN SUPPORT OF MR. PATRON'S RULE 29 MOTION |

    Defendant Brian Patron, by and through his counsel of record, hereby files the attached supplemental memorandum in support of his pending Rule 29 motion for acquittal on grounds that the government failed elicit sufficient evidence of venue.

    The government bears the burden of establishing venue by a preponderance of the evidence." *United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002). It must meet this burden for each count of a multi-count indictment. *Id.*

1

1    Federal Rule of Criminal Procedure 29(a) mandates that a court must enter a judgment of acquittal if the evidence is insufficient to sustain a conviction.  Venue is a constitutional and jurisdictional requirement in criminal cases under Article III, Section 2 and the Sixth Amendment, meaning the government must prove venue by a preponderance of the evidence.

If, as here, the government fails to introduce evidence of venue, then the case should not go to the jury at all, and a Rule 29 motion must be granted.  The government did not seek, nor did the Court take, judicial notice of any fact prior to the time Mr. Patron's made his Rule 29 motion.  Thus, the record as it stood at the time he made his motion was legally insufficient to survive his Rule 29 motion.

Moreover, judicial notice under FRE 201 is limited to facts that are "not subject to reasonable dispute" and that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Judicial notice cannot substitute for the prosecution's burden of proof on an element of the offense, including venue.  Courts have repeatedly held that judicial notice is improper when it involves a contested factual element necessary for conviction.  *United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014) ("A district court may not take judicial notice of an element of an offense in a criminal case."); *United States v. Marubeni Am. Corp.*, 611 F.2d 763, 767 (9th Cir. 1980) ("Venue is a question of fact that must be resolved by the jury unless the issue is uncontroverted.").

Because the government failed to introduce venue evidence, the jury cannot be instructed that Otay Mesa is within the Southern District of California. This would effectively allow the court to supply a missing element of the prosecution's case, which is unconstitutional. *United States v. Gaudin*, 515 U.S. 506, 514 (1995) ("The Constitution requires that the jury, not the judge, determine every element of the crime"); *United States v. Mendoza*, 108 F.3d 1155, 1156 (9th Cir. 1997) ("Venue is an essential element of any crime and must be decided by the jury when contested.").

Counsel for Mr. Patron and private investigator Dennison both specifically listened for venue evidence, and do not recall hearing any evidence that C004 was arrested at the Otay POE *in this case*;[1] only that he was arrested crossing the border. However, even if such evidence were elicited (counsel recalls that none was), "entry" stations exist on both sides of the Otay Border. Absent further clarification, the government cannot satisfy its burden on the current record, and the court must grant Mr. Patron's rule 29 motion.

Respectfully Submitted,

Dated: March 17, 2025

*//s// Meghan Blanco*
MEGHAN BLANCO
COUNSEL FOR DEFENDANT PATRON

---

[1] Counsel recalls testimony that C004 was arrested in a different, 2020 case, at the Otay border.

3