INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you will have a copy of these instructions in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

6.1

INSTRUCTION NO. 2

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

6.2

INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

6.3

INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

6.5

INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

6.6

INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony, exhibits received in evidence, and any facts to which the parties have agreed. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

6.7

INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

6.8

INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event

8

but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

6.9

INSTRUCTION NO. 9

You have heard testimony of witnesses who testified in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

6.17

INSTRUCTION NO. 10

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

3.1

INSTRUCTION NO. 11

You have heard testimony from M███ A████ A██████ G██████, a witness who received benefits from the government in connection with this case.

You also have heard testimony from W███ V██████-P██████, J████████ M███████-M███, A███ L██████-L███, and L██ D██████ R████, witnesses who anticipate receiving benefits from the government in connection with this case, admitted being an accomplice to the crime charged, and pleaded guilty to a crime arising out of the same events for which the defendant is on trial. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. These guilty pleas are not evidence against the defendant, and you may consider them only in determining these witnesses' believability.

For these reasons, in evaluating the testimony of M███ A████ A██████ G██████, W███ V██████-P██████, J████████ M███████-M███, A███ L██████-L███, and L██ D██████ R████, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine the testimony of M███ A████ A██████ G██████, W███ V██████-P██████, J████████ M███████-M███, A███ L██████-L███, and L██ D██████ R████ with greater caution than that of other witnesses.

3.9

12

INSTRUCTION NO. 12

You have heard testimony of eyewitness identification.  In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider the following:

First, the capacity and opportunity of the eyewitness to observe the suspect based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

Second, whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

Third, any inconsistent identifications made by the eyewitness;

Fourth, the witness's familiarity with the subject identified;

Fifth, the strength of earlier and later identifications;

Sixth, lapses of time between the event and the identification[s]; and

Seventh, the totality of circumstances surrounding the eyewitness's identification.

3.11

INSTRUCTION NO. 13

You have heard testimony from District Attorney Investigator Andrew Flood and Dr. John Walsh who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of the witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

3.14

INSTRUCTION NO. 14

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in this case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

3.16

INSTRUCTION NO. 15

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

3.17

INSTRUCTION NO. 16

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes charged.  The defendant must be a participant and not merely a knowing spectator.  The defendant's presence may be considered by the jury along with other evidence in the case.


5.12

INSTRUCTION NO. 17

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

6.10

INSTRUCTION NO. 18

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

6.11

INSTRUCTION NO. 19

The government must prove that one or more of the Defendant's joint offenders was arrested in or first brought to the Southern District of California.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that a joint offender was arrested in or first brought to the Southern District of California.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

6.32

INSTRUCTION NO. 20

The Court accepts as proved the fact that the San Ysidro Port of Entry is in the Southern District of California, even though no evidence was presented on this point, because this fact is of such common knowledge. You may accept this fact as true, but you are not required to do so.

2.4

INSTRUCTION NO. 21

The defendant is charged in Count One of the indictment with Intentional Killing While Engaged in Drug Trafficking, in violation of Section 848 of Title 21 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that M███ A█████ R███ was intentionally killed;

Second, that the defendant killed M███ A█████ R███ or that the defendant counseled, commanded, induced, procured, or caused the intentional killing of M███ A█████ R███; and

Third, that the defendant did so while engaged in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A) (Conspiracy to Possess with Intent to Distribute a Controlled Substance) OR Title 21, United States Code, Section 960(b)(1) (Conspiracy to Import a Controlled Substance).

(a) To be punishable under Title 21, United States Code, Section 841(b)(1)(A) (Conspiracy to Possess with Intent to Distribute a Controlled Substance), the government must prove, beyond a reasonable doubt, each of the following:

(i) beginning no later than May 28, 2020, and continuing to on or about May 31, 2020, there was an agreement between two

22

or more persons to possess with intent to distribute methamphetamine in the United States;

(ii) the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and,

(iii) the offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and that type and quantity fell within the scope of the defendant's agreement or was reasonably foreseeable to the defendant.

OR

(b) To be punishable under Title 21, United States Code, Section 960(b)(1) (Conspiracy to Import a Controlled Substance), the government must prove, beyond a reasonable doubt, each of the following:

(i) beginning no later than May 28, 2020, and continuing to on or about May 31, 2020, there was an agreement between two or more persons to import methamphetamine;

(ii) the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and,

(iii) the offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and that the type and quantity fell within the scope of the

defendant's agreement or was reasonably foreseeable to the defendant.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore,

one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. 22

The crime of Intentional Killing While Engaged in Drug Trafficking as charged in Count One of the indictment includes the lesser crimes of Conspiracy to Possess with Intent to Distribute a Controlled Substance and Conspiracy to Import a Controlled Substance.  If (1) any of you are not convinced beyond a reasonable doubt that the defendant is guilty of Intentional Killing While Engaged in Drug Trafficking; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crimes of Conspiracy to Possess with Intent to Distribute a Controlled Substance or Conspiracy to Import a Controlled Substance, you may find the defendant guilty of Conspiracy to Possess with Intent to Distribute a Controlled Substance or Conspiracy to Import a Controlled Substance.

For the defendant to be found guilty of the lesser crime of Conspiracy to Possess with Intent to Distribute a Controlled Substance, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than May 28, 2020, and ending on or about May 31, 2020, there was an agreement between two or more persons to possess with intent to distribute methamphetamine in the United States;

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and,

Third, the offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and that type and

quantity fell within the scope of the defendant's agreement or was reasonably foreseeable to the defendant.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

For the defendant to be found guilty of the lesser crime of Conspiracy to Import a Controlled Substance, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than May 28, 2020, and ending on or about May 31, 2020, there was an agreement between two or more persons to import methamphetamine;

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and,

Third, the offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and that the type and quantity fell within the scope of the defendant's agreement or was reasonably foreseeable to the defendant.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the

agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

# INSTRUCTION NO. 23

The defendant is charged in Count Two of the indictment with Hostage Taking Resulting in Death in violation of Section 1203(a) of Title 18 of the United States Code. For the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than May 28, 2020, and continuing to on or about May 31, 2020, the defendant intentionally seized or detained a person;

Second, the defendant threatened to kill, injure, or continue to detain that person;

Third, the offense occurred outside the United States;

Fourth, the person seized was a United States citizen;

Fifth, the defendant did so with the purpose and intention of compelling a third person to act, or refrain from acting, in some way, as an explicit or implicit condition for the release of the seized or detained person; and,

Sixth, the death of any person resulted.

A person is "seized" or "detained" when the person is held or confined against his or her will by physical restraint, fear, or deception for an appreciable period of time.

INSTRUCTION NO. 24

The crime of Hostage Taking Resulting in Death as charged in Count Two of the indictment includes the lesser crime of Hostage Taking Not Resulting in Death.  If (1) any of you are not convinced beyond a reasonable doubt that the defendant is guilty of Hostage Taking Resulting in Death; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of Hostage Taking Not Resulting in Death, you may find the defendant guilty of Hostage Taking Not Resulting in Death.

For the defendant to be found guilty of the lesser crime of Hostage Taking Not Resulting in Death, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than May 28, 2020, and continuing to on or about May 31, 2020, the defendant intentionally seized or detained a person;

Second, the defendant threatened to kill, injure, or continue to detain that person;

Third, the offense occurred outside the United States;

Fourth, the person seized was a United States citizen; and

Fifth, the defendant did so with the specific purpose and intent of compelling a third person to act, or refrain from acting, in some way, as an explicit or implicit condition for the release of the seized or detained person.

INSTRUCTION NO. 25

The defendant is charged in Count Three of the indictment with Conspiracy to Commit Hostage Taking Resulting in Death, in violation of Section 1203 of Title 18 of the United States Code.

For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than May 28, 2020, and ending on or about June 6, 2020, there was an agreement between two or more persons to commit the crime of Hostage Taking Resulting in Death as charged in Count Two of the indictment;

Second, the hostage taking occurred outside the United States;

Third, the person seized was a United States citizen;

Fourth, the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it; and,

Fifth, the death of any person resulted.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. 26

The crime of Conspiracy to Commit Hostage Taking Resulting in Death as charged in Count Three of the indictment includes the lesser crime of Conspiracy to Commit Hostage Taking Not Resulting in Death.  If (1) any of you are not convinced beyond a reasonable doubt that the defendant is guilty of Conspiracy to Commit Hostage Taking Resulting in Death; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of Conspiracy to Commit Hostage Taking Not Resulting in Death, you may find the defendant guilty of Conspiracy to Commit Hostage Taking Not Resulting in Death.

For the defendant to be found guilty of the lesser crime of Conspiracy to Commit Hostage Taking Not Resulting in Death, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than May 28, 2020, and ending on or about June 6, 2020, there was an agreement between two or more persons to commit either (a) the crime of Hostage Taking Resulting in Death as charged in Count Two of the indictment, OR (b) the lesser crime of Hostage Taking Not Resulting in Death as described above;

Second, the hostage taking occurred outside the United States;

Third, the person seized was a United States citizen; and

Fourth, the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it.

33

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. 27

A defendant may be found guilty of Intentional Killing While Engaged in Drug Trafficking as charged in Count One of the indictment, the lesser crimes of Conspiracy to Possess with Intent to Distribute a Controlled Substance or Conspiracy to Import a Controlled Substance, Hostage Taking Resulting in Death as charged in Count Two of the indictment, the lesser crime of Hostage Taking Not Resulting in Death, Conspiracy to Commit Hostage Taking Resulting in Death as charged in Count Three of the indictment, or the lesser crime of Conspiracy to Commit Hostage Taking Not Resulting in Death, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of Intentional Killing While Engaged in Drug Trafficking, Conspiracy to Possess with Intent to Distribute a Controlled Substance, Conspiracy to Import a Controlled Substance, Hostage Taking Resulting in Death, Hostage Taking Not Resulting in Death, Conspiracy to Commit Hostage Taking Resulting in Death, or Conspiracy to Commit Hostage Taking Not Resulting in Death by aiding and abetting, the government must prove each of the following beyond a reasonable doubt, with the jury being unanimous and agreeing to the same crime or crimes in each element below:

First, someone else committed Intentional Killing While Engaged in Drug Trafficking, Conspiracy to Possess with Intent to Distribute a Controlled Substance, Conspiracy to Import a Controlled Substance, Hostage Taking

Resulting in Death, Hostage Taking Not Resulting in Death, Conspiracy to Commit Hostage Taking Resulting in Death, or Conspiracy to Commit Hostage Taking Not Resulting in Death;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Intentional Killing While Engaged in Drug Trafficking, Conspiracy to Possess with Intent to Distribute a Controlled Substance, Conspiracy to Import a Controlled Substance, Hostage Taking Resulting in Death, Hostage Taking Not Resulting in Death, Conspiracy to Commit Hostage Taking Resulting in Death, or Conspiracy to Commit Hostage Taking Not Resulting in Death;

Third, the defendant acted with the intent to facilitate Intentional Killing While Engaged in Drug Trafficking, Conspiracy to Possess with Intent to Distribute a Controlled Substance, Conspiracy to Import a Controlled Substance, Hostage Taking Resulting in Death, Hostage Taking Not Resulting in Death, Conspiracy to Commit Hostage Taking Resulting in Death, or Conspiracy to Commit Hostage Taking Not Resulting in Death; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Intentional Killing

While Engaged in Drug Trafficking, Conspiracy to Possess with Intent to Distribute a Controlled Substance, Conspiracy to Import a Controlled Substance, Hostage Taking Resulting in Death, Hostage Taking Not Resulting in Death, Conspiracy to Commit Hostage Taking Resulting in Death, or Conspiracy to Commit Hostage Taking Not Resulting in Death.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION NO. 28

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.  Similarly, if you find that the defendant was not a member of the charged conspiracy, then you must find the defendant not guilty, even though the defendant may have been a member of some other conspiracy.

11.3

INSTRUCTION NO. 29

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

4.8

INSTRUCTION NO. 30

The indictment charges that the offenses alleged in Counts One, Two, and Three were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

6.18

INSTRUCTION NO. 31

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy,

prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

6.19

INSTRUCTION NO. 32

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

6.20

INSTRUCTION NO. 33

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.


6.21

INSTRUCTION NO. 34

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

6.22

INSTRUCTION NO. 35

A verdict form for has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

6.23

INSTRUCTION NO. 36

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

6.24