ADAM GORDON
United States Attorney
MARIO J. PEIA
ALEXANDRA F. FOSTER
Assistant U.S. Attorneys
CA Bar No. 307503/D.C. Bar No. 470096
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9706/6735
Email: Mario.Peia/Alexandra.Foster@usdoj.gov

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 21CR1683-WQH |
| Plaintiff, | |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| BRIAN ALEXIS PATRON LOPEZ, | |
| Defendant. | |

Defendant Patron violently kidnapped, pistol-whipped, tortured, held hostage, and shot the 18-year-old victim multiple times in the head, leaving his body to decay on a deserted hillside in Tijuana; all over two pounds of methamphetamine that did not even belong to the Defendant. A life sentence is mandatory under Counts 2 and 3, and the U.S. Sentencing Guidelines dictate a life sentence under Count 1. Defendant's conduct warrants nothing less.

## I

## **FACTUAL BACKGROUND**

The Court witnessed the trial, which resulted in the jury's verdict of guilty on all three counts. The Presentence Report further summarizes the details related to this event. *See* PSR, ¶¶ 6–36.

//
//

## II

## SENTENCING RECOMMENDATIONS AND ANALYSIS

### A. The Advisory Guideline Calculations

A life sentence is mandatory as to Counts 2 and 3. Even if it were not, the Guidelines recommend a life sentence for these convictions. Specifically, the following Guidelines apply for all three Counts:

| | | |
|---|---|---:|
| 1. | Base Offense Level [§ 2A1.1] | 43 |
| 2. | Grouping [§ 3D1.4(a), (b), (c)] | +3 |
| | Total Offense Level | 46 |

Count 1 directs the Court to U.S.S.G § 2A1.1. As to Counts 2 and 3, U.S.S.G. § 2A4.1(c)(1) provides a cross reference to § 2A1.1 when the victim was killed. Consequently, the base offense level for Counts 2 and 3 is also § 2A1.1, leading to a Total Offense Level of 46. The recommended sentence for any Offense Level above 42 is life.

The commentary to § 2A1.1 further clarifies that, "[i]n the case of premeditated killing, life imprisonment is the appropriate sentence if a sentence of death is not imposed. A downward departure would not be appropriate in such a case." U.S.S.G. § 2A1.1, cmt. 2(A). The United States' recommendation of life imprisonment on Count 1—and the required life imprisonment sentence on Counts 2 and 3—is in line with the commentary. It is also warranted upon consideration of the factors set forth in 18 U.S.C. § 3553(a).

### B. Analysis of the § 3553(a) Factors

The § 3553(a) factors are relatively clear in this case where a life sentence is mandatory. The nature and circumstances of the offense were plainly horrendous, and Defendant has yet to express any form of remorse. *See* PSR, ¶¶ 48, 113. Further, as the Court has had numerous opportunities to witness, the victim's death has caused significant hardship on his family. A representative of the victim's family will likely speak at sentencing. The United States recommends restitution in the amount of $13,011.83 in accordance with the terms set forth in PSR ¶ 130. The supporting documents are attached as Exhibit 1.

## IV
## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence Defendant to life imprisonment on Counts 1, 2, and 3, with all Counts to run concurrent, and with no term of supervised release to follow.

DATED: December 3, 2025

Respectfully submitted,

ADAM GORDON
United States Attorney

/s/ *Mario J. Peia*
MARIO J. PEIA
ALEXANDRA F. FOSTER
Assistant United States Attorneys